### 39728. MEEKS v. FUTCH.

MARSHALL, Presiding Justice.

This is a land line dispute.

The plaintiff owns certain property which is bounded on the north by property of the defendant. The plaintiff brought this suit against the defendant when the plaintiff sold timber rights to his property; the defendant, claiming a portion of the property to be his, refused to permit the cutting of some of the timber.

The plaintiff claims that the parties' boundary line is established by a barbed-wire fence and a field fence, and that the boundary line for a corner of the property that is not fenced in is established by an agreed marker. The plaintiff claims title to this line based on the property description in his deed, over 20 years' adverse possession, and over seven years' possession after the defendant's acquiescence in this as an established boundary line.

The northern boundary line, as expressed in the plaintiff's deed, is found by going from a point "SOUTH eight-nine degrees WEST 2200 feet to Big Hog Creek." In this appeal, the defendant argues that the judgment in favor of the plaintiff allows him to expand his property beyond definite boundary lines in his deed. The plaintiff argues that the foregoing boundary specifications in his deed are consistent with the boundary line contended for by him.

In addition, the defendant argues that the plaintiff's evidence is insufficient to establish adverse possession of the disputed property,

and the defendant complains of a certain refusal of the trial judge to charge the jury and the judge's failure to declare a mistrial based on certain remarks by the plaintiff's attorney.

We find that the evidence authorized the jury in returning a verdict in favor of the plaintiff, and we find no reversible error in any action of the trial judge.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 1983 —
REHEARING DENIED JUNE 15, 1983.

*Dewey N. Hayes, Jr.,* for appellant.

*Preston, Preston & Hudson, M. L. Preston, James D. Hudson,* for appellee.